IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

No. 20-3167

DAMON TURNAGE,

*Plaintiff-Appellant,*

-vs-

THOMAS J. DART, SHERIFF OF COOK COUNTY,
AND COOK COUNTY, ILLINOIS,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Northern District of Illinois
No. 16-cv-11672 – Charles R. Norgle, District Judge
_____

## BRIEF AND SHORT APPENDIX OF PLAINTIFF-APPELLANT

Patrick W. Morrissey
Thomas G. Morrissey
10150 South Western Avenue
Rear Suite
Chicago, Illinois 60643
(773) 233-7900

*Attorneys for Plaintiff-Appellant*

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 20-3167

Short Caption: Turnage v. Dart

　　To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

　　The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐　　**PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)　　The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

　　Damon Turnage

(2)　　The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

　　Thomas G. Morrissey, Ltd.

(3)　　If the party, amicus or intervenor is a corporation:

　　i)　　Identify all its parent corporations, if any; and

　　　　N/A

　　ii)　　list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

　　　　N/A

(4)　　Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

　　N/A

(5)　　Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

　　N/A

Attorney's Signature: /s/ Patrick W. Morrissey　　Date: 2/26/2021

Attorney's Printed Name: Patrick W. Morrissey

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).　　**Yes** ✓　**No** ☐

Address: 10150 S. Western Ave, Suite Rear

　　Chicago, IL 60643

Phone Number: (773)233-7900　　Fax Number: (773)239-0387

E-Mail Address: patrickmorrissey1920@gmail.com

rev. 12/19 AK

Save As     Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 20-3167

Short Caption: Turnage v. Dart

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information.  The text of the statement must also be included in the front of the table of contents of the party's main brief.  **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☑    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate  disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Damon Turnage

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Thomas G. Morrissey, Ltd.

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: /s/ Thomas G. Morrissey    Date: 2/26/2021

Attorney's Printed Name:  Thomas G. Morrissey

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    **Yes**    **No** ☑

Address:  10150 S. Western Ave., Suite Rear

    Chicago, IL 60643

Phone Number: (773)233-7900    Fax Number:  (773)239-0387

E-Mail Address: tgmorrisseylaw@gmail.com

rev. 12/19 AK

# INDEX

I.    Jurisdictional Statement  ...................................................................1

II.   Issues Presented for Review ............................................................ 1

III.  Statement of the Case ......................................................................1

      A. Procedural History  ..................................................................1

      B.  Statement of the Facts  .........................................................2

          a.   Background and housing assignments................................2

          b.   Plaintiff's September 21, 2016, incident  ...........................4

          c.   Plaintiff's May 5, 2016, incident  .....................................6

          d.   Cook County Jail's grievance procedure  .........................6

IV.   Summary of Argument ....................................................................7

V.    Argument ........................................................................................ 7

      A. Standard of Review  ................................................................7

      B.  District court erred dismissing the claim regarding
          the September 21, 2016, incident for failure to ex-
          haust administrative remedies  ........................................... 8

VI.   Conclusion ..................................................................................... 9

# TABLE OF AUTHORITIES

## CASES

*Hernandez v. Dart*, 814 F.3d 836 (7th Cir. 2016) ........................................ 6-7

*Ross v. Blake*, 136 S.Ct. 1850 (2016) ............................................................... 8

*Woodford v. Ngo*, 126 S.Ct. 2378 (2006) ........................................................ 8

## U.S. CONSTITUTION, STATUTES, AND RULES

28 U.S.C. §1291 ...................................................................................................1

29 U.S.C. § 794(a) .............................................................................................. 1

42 U.S.C. § 1997e ..................................................................................... passim

42 U.S.C. § 12132 ...............................................................................................1

42 U.S.C. § 12133 ...............................................................................................1

## I.    Jurisdictional Statement

Plaintiff Damon Turnage, a pretrial detainee, invoked the jurisdiction of the district court under 42 U.S.C. § 12133 and 29 U.S.C. § 794a(a)(2) to assert claims arising under Section 202 of the Americans with Disabilities Act, 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794(a).

Judgment was entered in favor of all defendants and against plaintiff on November 2, 2020. (Short Appendix 1.)

Plaintiff did not file any post-judgment motions. Plaintiff filed his notice of appeal on November 3, 2020. (R. 91.)

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §1291.

## II.    Issue Presented for Review

Whether the district court erred by dismissing this case for failure to ex-haust available administrative remedies as required under the Prison Litigation Re-form Act (PLRA), 42 U.S.C. § 1997e(a), where the record shows the plaintiff complied with the jail's grievance procedure.

## III.    Statement of the Case

### A. Procedural History

Plaintiff Damon Turnage alleges the Sheriff of Cook County and Cook County failed to accommodate his seizure disorder while detained at Cook County Jail. (R. 1, Complaint.) After the close of fact discovery the defendants moved for summary judgment. (R. 62, R. 65.) The district court granted defendants' motions

on November 2, 2020 finding that plaintiff failed to satisfy the exhaustion requirement of the PLRA. (Short Appendix 3-4.)

The district court reviewed two incidents where plaintiff suffered physical injuries. One incident occurred on September 21, 2016, where plaintiff fell from a top bunk. The district court acknowledged the plaintiff filed a grievance regarding this incident on September 27, 2016. (Short Appendix 4.) Nonetheless, the district court held plaintiff did not satisfy the PLRA's grievance requirement because he "failed to file a grievance within 15 days of being placed in the new cell with a cellmate that refused to honor Plaintiff's bottom bunk pass" and "[t]his deprived the prison of the opportunity to remedy the situation." (Short Appendix 4.)

The district court also held plaintiff could not pursue damages arising from a May 5, 2016 seizure because plaintiff failed to appeal a response to his grievance. (Short Appendix 4.)

Because the district court held plaintiff "has not met the PLRA's procedural requirements," judgment was entered in favor of defendants. (Short Appendix 4.)

## B. Statement of the Facts

### a. Background and housing assignments

Since childhood the plaintiff has experienced frequent seizures and, as an adult, testified they occur "a lot," including up to three times a week. (R. 64-1, Turnage Dep 20:3-20.) At summary judgment, the district court acknowledged plaintiff "has epilepsy and suffers from frequent seizures." (Short Appendix 2.)

Plaintiff entered Cook County Jail on April 9, 2016. (R. 70, Resp. Dart's LR 56 Stmt. ¶ 3.) During the intake process plaintiff told the medical staff that he had epilepsy. (R. 64-1, Turnage Dep 136:5-23.) The medical staff prescribed medication and entered medical alerts for plaintiff to have a "bottom bunk permit" and documented a "[s]eizure [d]isorder." (R. 71, Resp. Cook County's LR 56 Stmt. ¶ 9; R. 72-5, Sheriff's Inmate Alerts.)

Many times when assigned to Division 10, however, plaintiff slept on the top bunk:

- From April 9, 2016 to April 17, 2016, he was assigned to Tier 3C using a top bunk. (R. 70, Resp. Dart's LR 56 Stmt. ¶ 7.)

- From April 17, 2016 to May 4, 2016, he was assigned to Tier 2B and used a top bunk. (R. 70, Resp. Dart's LR 56 Stmt. ¶ 8.)

- From May 4, 2016 to May 6, 2016, he was assigned to Tier 1A and used a top bunk. (R. 70, Resp. Dart's LR 56 Stmt. ¶ 9; R. 71, Resp. Cook County's LR 56 Stmt. ¶ 11(a); R. 64-1, Turnage Dep 28:21-29:19.)

- From August 30, 2016 to September 23, 2016, he was assigned to Tier 2A and slept on the top bunk. (R. 70, Resp. Dart's LR 56 Stmt. ¶ 13; R. 64-1, Turnage Dep 58:6-59:12.)

### b.  Plaintiff's September 21, 2016, incident

Plaintiff was assigned to Tier 2A in Division 10 from August 30, 2016 to September 23, 2016. (R. 64-2, Bed Assignment Associated View.) While assigned to this tier plaintiff slept on the top bunk because the inmate assigned to the cell told plaintiff he also had a lower bunk permit. (R. 64-1, Turnage Dep 55:6-19, 56:11-24.)

Plaintiff made several efforts to have a lower bunk on Tier 2A. Upon entering the tier plaintiff reported to correctional staff that he needed to be relocated to a lower bunk, but the officer "didn't force the issue." (R. 64-1, Turnage Dep 56:17-20, 59:23-60:10.) Plaintiff also told "white shirts" and nurses on the tier that he required a lower bunk. (R. 64-1, Turnage Dep 61:10-19.) In response to his requests, plaintiff was given the "same excuses," that it was an issue with "classification" and nobody seemed to care. *Id.*

The plaintiff addressed this concern in an appeal to a grievance he wrote on September 10, 2016. (Short Appendix 7.) The appeal notified jail officials that he was at risk of harm because he continued to sleep on a top bunk despite an order for a lower bunk due to a seizure disorder.[1] (Short Appendix 7.)

On September 21, 2016, plaintiff had a seizure while on the top bunk and fell. (R. 71, Resp. Cook County's LR 56 Stmt. ¶ 18.) The plaintiff suffered significant injuries from this fall including a broken right ankle and migraine headaches.

---

[1] The response to this appeal, received by plaintiff on October 2, 2016, reads "you have an order for a lower bunk ordered 9/15/2015 & is still active. DOC issue." (Short Appendix 7.)

(R. 71, Resp. Cook County's LR 56 Stmt. ¶¶ 21-23.) The incident report generated by Sheriff's staff identified plaintiff has "A HISTORY OF SEIZURES." (R. 72-1.)

The Sheriff's Office collected a grievance about this incident on September 27, 2016. (Short Appendix 8.) The grievance complains of an "incident" on September 21, 2016 between 3:00 pm and 4:00 pm caused by a seizure when plaintiff was on the top bunk. *Id*. Plaintiff wrote the "officer did not enforce the [low bunk] permit" and that the "corrections staff and the medical staff are well aware of my medical conditions and have repeatedly denied me medical care and proper living conditions and accommodation due to my medical conditions." *Id.* In response to this grievance, the Sheriff's designee said "unable to confirm detainees [sic] statement. According to system detainee has bottom bunk order, detainees are housed accordingly." (Short Appendix 9.) Plaintiff received this response on October 13, 2016. *Id.*

On October 13, 2016, plaintiff appealed this response and wrote:

That its up to the officers on duty to enforce the order and the officers in my case did not, regardless of what the computer says there is no record of an officer enforcing the order to my cellmate at the time of arrival. Unable to deny my statement also.

(Short Appendix 12.) The Sheriff's designee accepted the appeal and wrote "[t]his is being forwarded back to Divisional Administration for further review and action on the 'order,' if necessary." *Id.* Plaintiff received the appeal response on October 25, 2016. *Id.*

### c.  Plaintiff's May 5, 2016, incident

From May 4 to May 6, 2016, plaintiff was assigned to segregation in Division 10, Tier 1A, Cell 12, after he was attacked by an inmate. (R. 71, Resp. Cook County's LR 56 Stmt. ¶ 11(a); R. 64-1, Turnage Dep 28:21-29:19.) The plaintiff was assigned to this cell with another inmate who also had a bottom bunk permit. (R. 71, Resp. Cook County's LR 56 Stmt. ¶ 12.)  Despite complaints, the correctional staff told plaintiff he could not be reassigned and that he should "work it out" with the cellmate. (R. 71, Resp. Cook County's LR 56 Stmt. ¶ 13.) Plaintiff had a seizure on May 5 while sleeping on the top bunk. (R. 71, Resp. Cook County's LR 56 Stmt. ¶ 14.) The seizure caused plaintiff to fall from the top bunk and "[h]it [his] head real bad." (R. 64-1, Turnage Dep 43:3-15.)

### d.  Cook County Jail's grievance procedure

Cook County Jail's grievance form says a detainee must file a grievance "within 15 days of the event he/she is grieving," and that "[t]o exhaust administrative remedies, appeals must be made within 14 days the inmate received the response." (R. 71, Resp. Cook County's LR 56 Stmt. ¶ 36.) In *Hernandez v. Dart*, 814 F.3d 836, 839, 843 (7th Cir. 2016), the Court reviewed this precise requirement of Cook County Jail's grievance procedure explaining "an inmate must file a written grievance within fifteen days of the alleged incident" and the inmate must "file a subsequent appeal within fourteen days of receipt of the administrative response to the grievance."

## IV.    Summary of Argument

The district court erred in dismissing the claim regarding the September 21, 2016, incident for failure to exhaust available administrative remedies under the PLRA because plaintiff complied with Cook County Jail's administrative procedure. He filed a grievance on September 27, 2016. In this grievance, he alleged that the incident in question occurred on September 21, 2016. His filing is well within the 15-day period outlined in the jail's grievance process. Further, he received a response to his complaint on October 13, 2016, and filed his appeal on the same day. This was well within the allotted period required by the jail. Defendants have not produced evidence that contradicts these facts and have not carried their burden of demonstrating failure to exhaust. Plaintiff exhausted his available administrative remedies and the district court erred in granting summary judgment for defendants on the failure to accommodate claim concerning the September 21, 2016, incident.

## V.    Argument

### A. Standard of Review

The Court reviews "dismissals for failure to exhaust administrative remedies *de novo*." *Hernandez*, 814 F.3d at 840. The "[f]ailure to exhaust is an affirmative defense, and Defendants have the burden of proof." *Id.* (internal citations omitted).

## B. District court erred dismissing the claim regarding the September 21, 2016, incident for failure to exhaust administrative remedies

A prisoner cannot bring a cause of action under federal law regarding prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). A prisoner fulfills this duty by adhering to the specific procedures and deadlines established by the prison's policy. *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006). The exhaustion requirement "hinges on the 'availab[ility]' of administrative remedies: An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (alteration in original).

Here, plaintiff complied with Cook County Jail's grievance procedure. He filed his grievance on September 27, 2016. In this grievance, he alleged that the incident in question occurred on September 21, 2016. His filing was well within the 15-day period outlined in Cook County Jail's grievance process. Further, he received the response to his complaint on October 13, 2016, and filed his appeal on the same day.  This was also well within the allotted period.

Defendants argue plaintiff did not satisfy the jail's grievance process because he did not file a grievance within 15 days of entering Tier 2A. (R. 63, Dart Mem. at 7; R. 66, Cook County Mem. at 7.) The district court accepted this argument and held dismissal was required because the PLRA's exhaustion requirement was not satisfied. (Short Appendix 4.) This argument, however, has no support from Cook County Jail's written grievance procedure. Indeed, the Inmate Griev-

ance Form states a grievance must be filed "within 15 days of the event he/she is grieving" and mandates that an inmate identify a "Date of Incident" and "Time of Incident." (Short Appendix 5.) The event at issue here occurred on September 21, 2016, when plaintiff has a seizure and suffered a physical injury.

Defendants have not produced evidence that contradicts the fact that plaintiff exhausted administrative remedies regarding the September 21, 2016, incident. Defendants have not carried their burden of demonstrating failure to exhaust. Plaintiff exhausted his administrative remedies and the district court erred in granting summary judgment for defendants on plaintiff's claim concerning the September 21, 2016, incident.

## VI.     Conclusion

For the reasons above stated, the Court should reverse the judgment of the district court and remand the case for further proceedings.

Respectfully submitted,

/s/     Patrick W. Morrissey
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Suite Rear
Chicago, IL 60643
(773) 233-7900

# CERTIFICATE OF COMPLIANCE

The undersigned, attorney for plaintiff-appellant, certifies that the foregoing brief complies with the type-volume limitations of Rule 32(a) of the Federal Rules of Appellate Procedure. The brief contains 2,073 words, as counted by the word-counting application of Microsoft Word 2010. New Century Schoolbook 13 font was used in the body of the brief.

/s/  <u>Patrick W. Morrissey</u>
*attorney for plaintiff-appellant*

# INDEX TO SHORT APPENDIX

Judgment, November 2, 2020 ................................................................. 1

Order, November 2, 2020 ........................................................................2

Grievance collected August 9, 2016 ....................................................... 5

Grievance collected September 27, 2016.................................................8

# CIRCUIT RULE 30 STATEMENT

The undersigned hereby certifies that all of the materials required by parts

(a) and (b) of Circuit Rule 30 are contained in the following appendix.

/s/  Patrick W. Morrissey
Patrick W. Morrissey
10150 S, Western Ave.
Rear Suite
Chicago, IL 60643

*attorney for plaintiff-appellant*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

Damon Turnage,

Plaintiff(s),

v.

Thomas Dart and Cook County, Illinois,

Defendant(s).

Case No.  16 C 11672
Judge Charles R. Norgle

## JUDGMENT IN A CIVIL CASE

Judgment is hereby entered (check appropriate box):

☐    in favor of plaintiff(s)
and against defendant(s)
in the amount of $    ,

which ☐ includes    pre–judgment interest.
        ☐ does not include pre–judgment interest.

Post-judgment interest accrues on that amount at the rate provided by law from the date of this judgment.

Plaintiff(s) shall recover costs from defendant(s).

---

☐    in favor of defendant(s)
and against plaintiff(s)

Defendant(s) shall recover costs from plaintiff(s).

---

☒    other: summary judgement is entered in favor of Defendants Thomas Dart and Cook County, IL.

---

This action was *(check one)*:

☐ tried by a jury with Judge    presiding, and the jury has rendered a verdict.
☐ tried by Judge    without a jury and the above decision was reached.
☒ decided by Judge Charles Norgle on a motions for summary judgment.

Date:   11/2/2020

Thomas G. Bruton, Clerk of Court

Eric Fulbright , Deputy Clerk

## IN THE UNITED STATES DISTRICT
## COURT FOR THE NORTHERN DISTRICT
## OF ILLINOIS EASTERN DIVISION

DAMON TURNAGE,

              Plaintiff,

v.

THOMAS DART, et al.,

              Defendants.

Case No. 16-cv-11672

Judge Charles R. Norgle

## ORDER

Defendant Thomas Dart's motion for summary judgment [62] is granted. Defendant Cook County's motion for summary judgment [65] is granted. The Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

## STATEMENT

       Plaintiff Damon Turnage, an inmate at the Cook County Jail, brings this action pursuant to the Americans With Disabilities Act, 42 U.S.C. §12132, and Section 504 of the Rehabilitation Act, 29 U.S.C. §794(a). Defendants Thomas Dart and Cook County have separately moved for summary judgment. Each Defendant argues that Plaintiff has failed to properly administratively exhaust his claims and thus the case should be dismissed. The Court agrees that Plaintiff has not complied with the requirements of the Prisoner's Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and thus grants Defendants' motions for summary judgment.

       The relevant facts are as follows. Plaintiff has epilepsy and suffers from frequent seizures. Plaintiff was processed into the Cook County Jail on April 9, 2016, and he reported this medical condition to jail medical staff. The staff provided medication to attempt to address the epilepsy and also entered an order that Plaintiff only be assigned to bottom bunks.

       From May 4, 2016 to May 6, 2016, Plaintiff was housed with another inmate who also had a bottom bunk medical order. On May 5, 2016, Plaintiff suffered a seizure and fell from the top bunk. He was treated in an emergency room for his injuries, which included a head injury. Plaintiff filed a grievance with the jail on May 7, 2016. That grievance complained that he had been placed in a cell with another inmate who also had a bottom bunk permit and that he had fallen from his bed during a seizure and injured his head because of the fall. Plaintiff received a response to that grievance but did not file an appeal.

       On August 8, 2016, Plaintiff filed a grievance in which he complained of falling off of the top bunk of his cell following a seizure in May and requested to see a doctor due to migraine

1

headaches. He received a response to that grievance and appealed the response. In the appeal, on September 10, 2016, Plaintiff wrote that he "was still on the top bunk."

On August 30, 2016, Plaintiff was moved to another division in the jail. In that new cell, Plaintiff testified that he slept on the top bunk even though he had the low bunk permit because his cellmate told him that he also had a low bunk permit and the cellmate had been there first. On September 21, 2016, Plaintiff suffered another seizure and fell from the top bunk, breaking his ankle.

On September 26, 2016, Plaintiff filed a grievance complaining, in part, that on September 21, 2016 "I had a seizure, during the seizure I fell from the top bunk and broke my ankle because of the fall. I have a low bunk permit but my cellmate did not want to give me the bottom bunk and the officer did not enforce the permit…"

With respect to the grievance procedures in place in the jail, the grievance form itself includes the explicit instruction that the griever is required to file a grievance "within 15 days of the event he/she is grieving," and that "[t]o exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response[.]"

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Northfield Ins. Co. v. City of Waukegan, 701 F.3d 1124, 1128 (7th Cir. 2012) (quoting Fed. R. Civ. P. 56(a)); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Wells v. Coker, 707 F.3d 756, 760 (7th Cir. 2013) (internal quotation marks and citation omitted). "On summary judgment a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." Payne v. Pauley, 337 F.3d 767, 770 (7th Cir. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)). The Court must view "the record in the light most favorable to the nonmovant and [avoid] the temptation to decide which party's version of the facts is more likely true." Id. Finally, "to survive summary judgment, the nonmoving party must present evidence sufficient to establish a triable issue of fact on all essential elements of its case." Lewis v. CITGO Petroleum Corp., 561 F.3d 698, 702 (7th Cir. 2009).

The Prison Litigation Reform Act (PLRA) exhaustion requirement requires proper exhaustion. Woodford v. Ngo, U.S.2006, 126 S. Ct. 2378, 548 U.S. 81, 165 L.Ed.2d 368. Exhaustion of administrative remedies, pursuant to the PLRA, is required for all prisoner suits seeking redress for prison circumstances or occurrences, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong. Porter v. Nussle, U.S.2002, 122 S. Ct. 983, 534 U.S. 516, 152 L.Ed.2d 12.

The PLRA requires a prisoner to properly exhaust his administrative remedies before filing an action concerning prison conditions. See 42 U.S.C. § 1997e(a). Specifically, the PLRA states that no action shall be brought by a prisoner confined in any correctional facility with respect to prison conditions under section 1983 of this title, or any other Federal statutory law, including the claims brought under the ADA and RA, until such administrative remedies as are available are exhausted. Pavey v. Conley, 544 F.3d 739, 742 (7th Cir. 2008) (citing 42 U.S.C. § 1997e(a)); Porter, 534 U.S. at 532 (2002) (the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong). Failure to exhaust is an affirmative defense that a defendant has the burden of proving. King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015).

In the present case, each Defendant argues that Plaintiff has failed to properly exhaust his claims, and thus this case should be dismissed. There are two distinct events which have given rise to this case—first, the May 5, 2016 seizure, and second, the September 21, 2016 seizure. Because different factual circumstances relate to the administrative exhaustion of each, the Court will address each separately and in turn.

Turning first to the May 5, 2016 seizure, the parties agree that Plaintiff filed a timely grievance on May 7, 2016. However, it is undisputed that Plaintiff, once he received a response, did not appeal the response. As noted above, "[t]o exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response[.]"

Because no appeal was made, this May 7, 2016 grievance was insufficient to exhaust any claim arising out of or related to the first fall. The statutory scheme necessitating exhaustion, coupled with the strict implementation as articulated by the Seventh Circuit, require this result. Plaintiff's August 8, 2016 grievance fares no better. In that grievance, Plaintiff complains only of injuries lingering from the earlier fall. Only in the appeal paperwork does Plaintiff reference his complaint about being assigned to the top bunk. Moreover, the appealed August 8 grievance was not timely within the 15-day grievance period.

Turning to the September 21, 2016 seizure, it is undisputed that Plaintiff had resided in his new cell starting on August 30, 2016. Defendant argues that Plaintiff did not file any grievance in relation to the new cell until September 27, 2016, despite his knowledge upon moving in that his cellmate was refusing to allow him to sleep on the lower bunk. Defendants argue that they were not put on notice of the need to address Plaintiff's complaint related to his cellmate refusing to give up bottom bunk because Plaintiff did not file a grievance within 15 days of the problem arising.

The Court agrees with Defendants in this respect. Plaintiff failed to file a grievance within 15 days of being placed in the new cell with a cellmate that refused to honor Plaintiff's bottom bunk pass. This deprived the prison of the opportunity to remedy the situation. Because Plaintiff did not file a grievance related to this issue within 15 days of the problem arising, Plaintiff failed to administratively exhaust this claim as well.

Thus, as to both claims, Plaintiff has not met the PLRA's procedural requirements. As such, this case is dismissed. Because of the nature of this dismissal, however, this dismissal is effectively one with prejudice and is a final and appealable order. As such, the Clerk is directed to enter judgment pursuant to Fed. R. Civ. P. 58.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

NOV 0 2 2020
DATE: ~~October~~ 2, 2020
NOV 0 2 2020

Turnage v. Dart, 20-3167          Short Appendix 4

**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

**INMATE GRIEVANCE FORM**
*(Formulario de Queja del Preso)*

| CONTROL # | INMATE ID # |
|---|---|
| 2016 - 6762 | 612626 |

**! THIS SECTION IS TO BE COMPLETED BY INMATE SERVICES STAFF ONLY !** *(! Para ser llenado solo por el personal de Inmate Services !)*

| GRIEVANCE FORM PROCESSED AS: | REFERRED TO: |
|---|---|
| ☐ EMERGENCY GRIEVANCE | ☒ CERMAK HEALTH SERVICES (20) |
| ☒ GRIEVANCE | ☐ SUPERINTENDENT: _____ |
| ☐ NON-GRIEVANCE (REQUEST) | ☐ OTHER: _____ |

**INMATE INFORMATION** *(Información del Preso)*

| PRINT - INMATE LAST NAME *(Apellido del Preso):* | PRINT - FIRST NAME *(Primer Nombre):* | INMATE BOOKING NUMBER *(# de identificación del detenido)* |
|---|---|---|
| TURNAGE | DAMON | 20150929005 |
| DIVISION *(División):* 2-2 | LIVING UNIT *(Unidad):* P-38 | DATE *(Fecha):* 8-8-16 |

**INMATE'S BRIEF SUMMARY OF THE COMPLAINT** *(Breve Resumen de los Hechos del Preso):*

- An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
- Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
- When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the response is deemed unsatisfactory.
- Only one (1) issue can be grieved per form.
- *Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.*
- *Las decisiones del Comité Disciplinario de los presos, no podrán ser cuestionadas o Apeladas a través del uso del Formulario de Quejas/Respuesta/Forma de Apelación.*
- *Cuando una Queja se procesa como una QUEJAS NO (PETICIÓN), un preso podría re-someter una Queja después de los 15 días para recibir un "número de Control", ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.*
- *Sólo una queja por formulario*

| DATE OF INCIDENT *(Fecha Del Incidente)* | TIME OF INCIDENT *(Hora Del Incidente)* | SPECIFIC LOCATION OF INCIDENT *(Lugar Específico Del Incidente)* |
|---|---|---|
| 8-8-16 | 8:00 P.M | Div. 2 Dorm 2 P-House |

Back in the month of May I was in Segregation, in Division 10 for about 5 days and I had a Seizure. When I had the seizure, I fell out of a top bunk for which I should have never, ever been in a top bunk, because I have seizures + the Administration is in knowledge of all this. I have never been aforeded medical attention for falling out of the Be

**ACTION THAT YOU ARE REQUESTING, THIS SECTION MUST BE COMPLETED** *(Acción que esta solicitada, Esta sección debe completarse)*

I am requesting to be seen by a medical doctor immediately. I am having chronic, severe excruciating pain in the form of Migrane Headaches. I am seeking medical attention for relief

IF YOU HAVE ELECTED TO SUBMIT YOUR GRIEVANCE FORM MORE THAN 2 DAYS SINCE WRITING AND/OR DATING IT ORIGINALLY, YOU WILL BE ASKED TO REVISE THE DATE AND INITIAL TO ACCURATELY REFLECT THE DAY YOU CHOSE TO SUBMIT THE FORM.

*(SI ELEGIDO PRESENTAR SU QUEJA MAS DE 2 DÍAS ANTES QUE CUANDO LA ENTREGO Y EL PUSO LA FECHA DESDE EL PRINCIPIO, ES NECESARIO QUE CAMBIE LA FECHA Y INCLUYA SUS INICIALES PARA SUBMITIR SU FORMA)*

| NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: *(Nombre del personal o preso que tengan información:)* | INMATE SIGNATURE AND DATE: *(Firma del Preso/Fecha):* Damon Turnage |
|---|---|

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

| CRW/PLATOON COUNSELOR (Print): | SIGNATURE: | DATE CRW/PLATOON COUNSELOR RECIEVED: 08-09-16 |
|---|---|---|
| SUPERINTENDENT/DIRECTOR/DESIGNEE (Print): | SIGNATURE: | DATE REVIEWED: |

*Turnage v. Dart, 20___*    Short App. 0 ___

SAO Turnage 000272



☑ GRIEVANCE    ☐ NON-GRIEVANCE (REQUEST)

**COOK COUNTY SHERIFF'S OFFICE**
(Oficina del Alguacil del Condado de Cook)
**INMATE GRIEVANCE RESPONSE / APPEAL FORM**
(Petición de Queja del Preso / Respuesta / Forma de Apelación)

CONTROL #
2016 - 0762

## INMATE INFORMATION (Información del Preso)

| INMATE LAST NAME (Apellido del Preso): | INMATE FIRST NAME (Primer Nombre): | ID Number (# de Identificación): |
|---|---|---|
| Turnage | Damon | 2015092900S |

### GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)

CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT: 200 - medical treatment

IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE (if applicable): CRW has encouraged detainee to submit a HSRF.

CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE / REQUEST TO (Director/Superintendent, Cermak Health services, Personnel): cermak    DATE REFERRED: 05 / 05 / 16

RESPONSE BY PERSONNEL HANDLING REFERRAL: Submit a HSRF to request medical services filing a grievance for healthcare creates a delay in care for you to be seen Scheduled for PCC Dept. next week

| PERSONNEL RESPONDING TO GRIEVANCE (Print): | SIGNATURE: | DIV. / DEPT. | DATE: |
|---|---|---|---|
| Susan Shebl | Susan Shebl RN | | 9 / 6 / 26 |

Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.

| SUPERINTENDENT / DIRECTOR / DESIGNEE (Print): | SIGNATURE: | DIV. / DEPT. | DATE: |
|---|---|---|---|
| | | | ___ / ___ / ___ |

NON-GRIEVANCE (REQUEST) SUBJECT CODE (Check applicable box):
☐ GRIEVANCE SUBJECT CODE: _____
☐ NON-GRIEVANCE SUBJECT CODE: _____

INMATE SIGNATURE (Firma del Preso): Damon Turnage

DATE RESPONSE WAS RECEIVED:
(Fecha en que la respuesta fue recibida)
9 / 8 / 16

## INMATE'S REQUEST FOR AN APPEAL (Solicitud de Apelación del Preso)

* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

* Las apelaciones tendrán que ser sometidas dentro de los 14 días, a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: (Fecha de la solicitud del la apelación del detenido): ___ / ___ / ___

INMATE'S BASIS FOR AN APPEAL (Base del detenido para una apelación):

ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?    Yes (Sí) ☐    No ☐
¿ Apelación del detenido aceptada por el administrador o/su designado(a)?

ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION (Decisión o recomendación por parte del administrador o / su designado(a)):

| ADMINISTRATOR / DESIGNEE (Administrador o / su Designado(a)): | SIGNATURE (Firma del Administrador o / su Designado(a)): | DATE (Fecha): ___ / ___ / ___ |
|---|---|---|

| INMATE SIGNATURE (Firma del Preso): | DATE INMATE RECEIVED APPEAL RESPONSE: (Fecha en que el Preso recibió respuesta a su apelación): ___ / ___ / ___ |
|---|---|

FCN-48 (Rev. 09/14)    WHITE COPY - PROGRAM SERVICES    YELLOW COPY - CRW / PLATOON COUNSELOR    PINK COPY - INMATE

SAO Turnage 000273



**COOK COUNTY SHERIFF'S OFFICE**
(Oficina del Aguacil del Condado de Cook)

☒ GRIEVANCE    ☐ NON-GRIEVANCE (REQUEST)

## INMATE GRIEVANCE RESPONSE / APPEAL FORM
(Petición de Queja del Preso / Respuesta / Forma de Apelación)

CONTROL #
2016 - 6762

### INMATE INFORMATION (Información del Preso)

| INMATE LAST NAME (Apellido del Preso): | INMATE FIRST NAME (Primer Nombre): | ID Number (# de identificación): |
|---|---|---|
| Turnage | Damien | 2015092905 |

### GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)

CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT: _see - medical treatment_

IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE (if applicable): _divdi encouraged divine to submit a HSRF_

CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE //REQUEST TO (Example: Superintendent, Cermak Health services, Personnel): _Cermak_    DATE REFERRED: / /16

RESPONSE BY PERSONNEL HANDLING REFERRAL: _____

PERSONNEL RESPONDING TO GRIEVANCE (Print): _____   SIGNATURE: _Susan Shebel_   DIV./DEPT: ____   DATE: 9 / 6 /16

**Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.**

SUPERINTENDENT / DIRECTOR / DESIGNEE (Print): ____   SIGNATURE: ____   DIV./DEPT: ____   DATE: / /

NON-GRIEVANCE (REQUEST) SUBJECT CODE (Check applicable box):
☐ GRIEVANCE SUBJECT CODE: ____
☐ NON-GRIEVANCE SUBJECT CODE: ____

INMATE SIGNATURE (Firma del Preso): ____

DATE RESPONSE WAS RECEIVED: (Fecha en que la respuesta fue recibida): / /16

### INMATE'S REQUEST FOR AN APPEAL (Solicitud de Apelación del Preso)

\* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

\* Las apelaciones tendrán que ser sometidas dentro de los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: (Fecha de la solicitud del la apelacion del detenido): 9 / 10 / 16

INMATE'S BASIS FOR AN APPEAL (Base del detenido para una apelacion):

I put in a medical slip, thats the reason for the grievances because they dont answer and still im on the top bunk and I have siezures

ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?
¿ Apelación del detenido aceptada por el administrador o/su designado(a)?    Yes (Si) ☐    No ☒

ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION (Decision o recomendacion por parte del administrador o / su designado(a)):
You have a order for Lower Bunk ordered 9/19/15 a is still active. DOC issue

ADMINISTRATOR / DESIGNEE (Administrador o / su Designado(a)): _Susan Shebel_   SIGNATURE (Firma del Administrador o/su Designado(a)): _Susan Shebel RN_   DATE (Fecha): 9 / 28 /16

INMATE SIGNATURE (Firma del Preso): _Damen Turge_

**Inmate Serv. Copy**

DATE INMATE RECEIVED APPEAL RESPONSE: (Fecha en que el Preso recibió la respuesta a su apelación): 10 / 2 / 16

FCN-48 (Rev. 09/14)    WHITE COPY – PROGRAM SERVICES    YELLOW COPY – CRW / PLATOON COUNSELOR    PINK COPY – INMATE

SAO Turnage 000274



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

**INMATE GRIEVANCE FORM**
*(Formulario de Queja del Preso)*

| GRIEVANCE (Queja) | NON-GRIEVANCE (REQUEST) | INMATE ID # |
|---|---|---|
| CONTROL # 21 | Pages: 29 | |
| 2016X8336 | 6126266 | |

! THIS SECTION IS TO BE COMPLETED BY INMATE SERVICES STAFF ONLY ! *(¡ Para ser llenado solo por el personal de Inmate Services !)*

**GRIEVANCE FORM PROCESSED AS:**

☐ EMERGENCY GRIEVANCE

☑ GRIEVANCE

☐ NON-GRIEVANCE (REQUEST)

**REFERRED TO:** *Cule 330*

☐ CERMAK HEALTH SERVICES

☑ SUPERINTENDENT: *Div 10 Supt*

☐ OTHER:

**INMATE INFORMATION** *(Información del Preso)*

| PRINT - INMATE LAST NAME *(Apellido del Preso)*: | PRINT - FIRST NAME *(Primer Nombre)*: | INMATE BOOKING NUMBER *(# de identificación del detenido)* |
|---|---|---|
| TURNAGE | DAMON | 20150929005 |
| **DIVISION** *(Division)*: 8 | **LIVING UNIT** *(Unidad)*: RTU-3D | **DATE** *(Fecha)*: 9-26-16 |

**INMATE'S BRIEF SUMMARY OF THE COMPLAINT** *(Breve Resumen de los Hechos del Preso)*:

- An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
- Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
- When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the response is deemed unsatisfactory.
- Only one (1) issue can be grieved per form.

- Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.
- Las decisiones del Comité Disciplinario de los presos, no podrán ser cuestionadas o Apeladas a través del uso del Formulario de Quejas/Respuesta/Forma de Apelación.
- Cuando una Queja se procesa como una QUEJAS NO (PETICION), un preso podría re-someter una Queja después de los 15 días para recibir un "Numero de Control", ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.
- Sólo una queja por formulario

| DATE OF INCIDENT *(Fecha Del Incidente)* | TIME OF INCIDENT *(Hora Del Incidente)* | SPECIFIC LOCATION OF INCIDENT *(Lugar Específico Del Incidente)* |
|---|---|---|
| 9/21/16 | 3:00pm – 4:00pm | Div-10, 2A Cell #5 |

ON The above DATE and TIME I had a sieZure, During The sieZure I Fell From The Top BUNK and Broke my ankle Because of The Fall. I have a LowerBUNK Permit But my cell-mate DID NOT want To give me The Bottom BUNK and The officer DID NOT enForce The Permit. The corrections STaFF and The Medical STaFF are well aware OF of my Medical conditions and have repeatedly DeNied me medical care and Proper Living conditions and accomodation Due To my medical conditions, By Being NegLegent.

**ACTION THAT YOU ARE REQUESTING, THIS SECTION MUST BE COMPLETED** *(Acción que esta solicitada, Esta sección debe completarse)*

That a FULL investigation Be conducted against The officers on The Tier That I was housed at and against The medical staff, as To why I was NoT ProPerly accomodated Due To my medical conditions (I am an ePileptic) and Be Reprimanded Due To Their Negligeance.

IF YOU HAVE ELECTED TO SUBMIT YOUR GRIEVANCE FORM MORE THAN 2 DAYS SINCE WRITING AND/OR DATING IT ORIGINALLY, YOU WILL BE ASKED TO REVISE THE DATE AND INITIAL TO ACCURATELY REFLECT THE DAY YOU CHOSE TO SUBMIT THE FORM.

*(SI ELEGIDO PRESENTAR SU QUEJA MÁS DE 2 DÍAS ANTES QUE CUANDO LA ENTREGO Y LE PUSO LA FECHA DESDE UN PRINCIPIO, ES NECESARIO QUE CAMBIE LA FECHA E INCLUYA SUS INICIALES PARA SUMITIR SU FORMA)*

| NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: *(Nombre del personal o presos que tengan información:)* OFFICERS + MEDICAL STAFF AT DIV 10-2A | My cellmate IN cell 5 at This Time and DaTE | INMATE SIGNATURE AND DATE: *(Firma del Preso/Fecha)* Damon Turnage 9-26-16 |
|---|---|---|

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

| CRW/PLATOON COUNSELOR (Print): Bull | SIGNATURE: C | DATE CRW/PLATOON COUNSELOR RECIEVED: 9/27/16 |
|---|---|---|
| SUPERINTENDENT/DIRECTOR/DESIGNEE (Print): | SIGNATURE: | DATE REVIEWED: |

Turnage v. Dart, 20-3167          Short Appendix 8

(FCN-40)(SEP 14)     **(WHITE COPY – INMATE SERVICES)**     **(YELLOW COPY – CRW/PLATOON COUNSELOR)**     **(PINK COPY – INMATE)**

SAO Turnage 000282



**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

☑ GRIEVANCE    ☐ NON-GRIEVANCE (REQUEST)

612626

**INMATE GRIEVANCE RESPONSE / APPEAL FORM**
*(Petición de Queja del Preso / Respuesta / Forma de Apelación)*

CONTROL #

2016 X 8336

| INMATE INFORMATION *(Información del Preso)* |
|---|

| INMATE LAST NAME *(Apellido del Preso)*: | INMATE FIRST NAME *(Primer Nombre)*: | ID Number *(# de identificación)*: |
|---|---|---|
| TURNAGE | DAMON | 20150939005 |

| GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE |
|---|
| (EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE) |

CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:
330 Security Procedure

IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE *(if applicable)*:
N/A

CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE / REQUEST TO: *(Example: Superintendent, Cermak Health services, Personnel)*:
DIV 10 Supt.

DATE REFERRED: 7/30/16

RESPONSE BY PERSONNEL HANDLING REFERRAL:
UNABLE TO CONFIRM DETAINEES STATEMENT. ACCORDING TO SYSTEM DETAINEE
HAS BOTTOM BUNK ORDER, DETAINEE'S ARE HOUSED, ACCORDINGLY.

| PERSONNEL RESPONDING TO GRIEVANCE *(Print)*: | SIGNATURE: | DIV. / DEPT. | DATE: |
|---|---|---|---|
| Lt. McGee | | 10 | 10/11/16 |

Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.

| SUPERINTENDENT / DIRECTOR / DESIGNEE *(Print)*: | SIGNATURE: | DIV. / DEPT. | DATE: |
|---|---|---|---|
| Lt. McGee | | 10 | 10/11/16 |

NON-GRIEVANCE (REQUEST) SUBJECT CODE: *(Check applicable box)*
☑ GRIEVANCE SUBJECT CODE: 330
☐ NON-GRIEVANCE SUBJECT CODE:

INMATE SIGNATURE *(Firma del Preso)*:
X Damon Turnage

DATE RESPONSE WAS RECEIVED:
*(Fecha en que la respuesta fue recibida)*:
X 10/13/16

| INMATE'S REQUEST FOR AN APPEAL *(Solicitud de Apelación del Preso)* |
|---|

\* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

\* Las apelaciones tendrán que ser sometidas dentro de los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: *(Fecha de la solicitud del la apelación del detenido)*: _____ / _____ / _____

INMATE'S BASIS FOR AN APPEAL *(Base del detenido para una apelación)*:

| ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL? | Yes *(Sí)* | No |
|---|---|---|
| ¿ Apelación del detenido aceptada por el administrador o/su designado(a)? | ☐ | ☐ |

ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION *(Decision o recomendación por parte del administrador o / su designado(a))*:

| ADMINISTRATOR / DESIGNEE *(Administrador o / su Designado(a))*: | SIGNATURE *(Firma del Administrador o / su Designado(a))*: | DATE *(Fecha)*: _____ / _____ / _____ |
|---|---|---|

| INMATE SIGNATURE *(Firma del Preso)*: | DATE INMATE RECEIVED APPEAL RESPONSE: *(Fecha en que el Preso recibió respuesta a su apelación)*: _____ / _____ / _____ |
|---|---|

Turnage v. Dart, 20-3167                Short Appendix 9

SAO Turnage 000283

**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

**INMATE GRIEVANCE FORM**
*(Formulario de Queja del Preso)*

| GRIEVANCE | NON-GRIEVANCE (REQUEST) |
|---|---|
| CONTROL # | INMATE ID # |
| 2016X8336 | 612626 |

**! THIS SECTION IS TO BE COMPLETED BY INMATE SERVICES STAFF ONLY !** *(¡ Para ser llenado solo por el personal de Inmate Services !)*

**GRIEVANCE FORM PROCESSED AS:**

- [ ] EMERGENCY GRIEVANCE
- [✓] GRIEVANCE
- [ ] NON-GRIEVANCE (REQUEST)

**REFERRED TO:** *Aule 330*

- [ ] CERMAK HEALTH SERVICES
- [✓] SUPERINTENDENT: *DiV 10 Supt*
- [ ] OTHER: _____

**INMATE INFORMATION** *(Información del Preso)*

| PRINT - INMATE LAST NAME *(Apellido del Preso)*: | PRINT - FIRST NAME *(Primer Nombre)*: | INMATE BOOKING NUMBER *(# de identificación del detenido)*: |
|---|---|---|
| TURNAGE | DAMON | 20150929005 |
| **DIVISION** *(División)*: 8 | **LIVING UNIT** *(Unidad)*: RTU - 3D | **DATE** *(Fecha)*: 9-26-16 |

**INMATE'S BRIEF SUMMARY OF THE COMPLAINT** *(Breve Resumen de los Hechos del Preso)*:

- An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
- Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
- When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the response is deemed unsatisfactory.
- Only one (1) issue can be grieved per form.

- *Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.*
- *Las decisiones del Comité Disciplinario de los presos, no podrán ser cuestionadas o Apeladas a través del uso del Formulario de Quejas/Respuesta/Forma de Apelación.*
- *Cuando una Queja se procesa como una QUEJAS NO (PETICION), un preso podría re-someter una Queja después de los 15 días para recibir un "Numero de Control", ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.*
- *Sólo una queja por formulario*

| DATE OF INCIDENT *(Fecha Del Incidente)* | TIME OF INCIDENT *(Hora Del Incidente)* | SPECIFIC LOCATION OF INCIDENT *(Lugar Específico Del Incidente)* |
|---|---|---|
| 9/21/16 | 3:00pm - 4:00pm | Div-10, 2A Cell #5 |

ON The aBove DATE AND TiMe I had a Siezure, DuRing The SieZuRe I Fell From The TOP BuNK AND BRoKe My AnKLe BecAuse oF The FALL. I have a low-BunK PeRmiT buT My cell-mATe DiD NoT wANT To give Me The BoTTom BunK AND The oFFiceR DiDNoT eNForce The PeRmiT. The coRRecTioNs sTAFF AND The MeDicAL sTAFF ARe well AwARe oF oF my MeDicAL coNDiTioNs AND have RepeATeDly DeNieD Me MeDicAL cARe AND PRopeR Living coNDiTioNs AND AccomoDATioN Due To My MeDicAL coNDiTioNs, By BeiNg NegLegeNT.

**ACTION THAT YOU ARE REQUESTING, THIS SECTION MUST BE COMPLETED** *(Acción que esta solicitado, Esta sección debe completarse)*

ThAT a FuLL iNvesTigATioN Be coNDucTeD AgAinsT The oFFiceR oN The TieR ThAT I wAs housed AT AND AgAinsT The MeDicAL sTAFF, As To why I wAs NoT PRopeRly AccomoDATeD Due To My MeDicAL coNDiTioNs (I am aN EPiLEPTiC) AND Be RePRimANDeD Due To TheiR NegLigANce.

*IF YOU HAVE ELECTED TO SUBMIT YOUR GRIEVANCE FORM MORE THAN 2 DAYS SINCE WRITING IT AND/OR DATING IT ORIGINALLY, YOU WILL BE ASKED TO REVISE THE DATE AND INITIAL TO ACCURATELY REFLECT THE DAY YOU CHOSE TO SUBMIT THE FORM.*

*[SI ELEGIDO PRESENTAR SU QUEJA MAS DE 2 DÍAS ANTES QUE CUANDO LA ENTREGÓ Y LE PUSO LA FECHA DESDE UN PRINCIPIO, ES NECESARIO QUE CAMBIE LA FECHA Y INCLUYA SUS INICIALES PARA SOMETER SU FORMA]*

| NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: *(Nombre del personal o presos que tengan información):* | INMATE SIGNATURE AND DATE: *(Firma del Preso/Fecha):* |
|---|---|
| OFFiceRS + MeDicAL sTAFF AT DiV 10-2A / My cellmATe iN cell ①RT ThiS TiMe AND DATe | *Damon Turnage* 9-26-16 |

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

| CRW/PLATOON COUNSELOR *(Print)*: | SIGNATURE: | DATE CRW/PLATOON COUNSELOR RECIEVED: |
|---|---|---|
| *Ball* | *C* | 9/27/16 |
| **SUPERINTENDENT/DIRECTOR/DESIGNEE** *(Print)*: | **SIGNATURE:** | **DATE REVIEWED:** |

(FCN-40) (SEP 14)      **(WHITE COPY – INMATE SERVICES)**      **(YELLOW COPY – CRW/PLATOON COUNSELOR)**      **(PINK COPY – INMATE)**

**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

6126726

☑ GRIEVANCE   ☐ NON-GRIEVANCE (REQUEST)

**INMATE GRIEVANCE RESPONSE / APPEAL FORM**
*(Petición de Queja del Preso / Respuesta / Forma de Apelación)*

CONTROL #

2016 X 8336

| INMATE INFORMATION *(Información del Preso)* | | |
|---|---|---|
| INMATE LAST NAME *(Apellido del Preso):* TURNAGE | INMATE FIRST NAME *(Primer Nombre):* DAMON | ID Number *(# de identificación):* 20150939005 |

**GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE**
*(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)*

CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:
550 Security Procedure

IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE *(if applicable):*
N/A

CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE / REQUEST TO: (Example: Superintendent, Cermak Health Services, Personnel):
DIV 10 SUPT
DATE REFERRED: 1/30/16

RESPONSE BY PERSONNEL HANDLING REFERRAL:
UNABLE TO CONFIRM DETAINEES STATEMENT. ACCORDING TO SYSTEM DETAINEE HAS BOTTOM BUNK ORDER, DETAINEES ARE HOUSED ACCORDINGLY.

PERSONNEL RESPONDING TO GRIEVANCE (Print): H. McGee | SIGNATURE: | DIV / DEPT. 10 | DATE: 10/11/16

Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.

SUPERINTENDENT / DIRECTOR / DESIGNEE (Print): H. McGee | SIGNATURE: | DIV / DEPT. 10 | DATE: 10/11/16

☑ GRIEVANCE SUBJECT CODE: 550
☐ NON-GRIEVANCE SUBJECT CODE:

INMATE SIGNATURE *(Firma del Preso):* X Damon Turnage

DATE RESPONSE WAS RECEIVED:
*(Fecha en que la respuesta fue recibida):*
X 10/13/16

**INMATE'S REQUEST FOR AN APPEAL** *(Solicitud de Apelación del Preso)*

* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

* Las apelaciones tendrán que ser sometidas dentro de los 14 días, a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: *(Fecha de la solicitud de la apelacion del detenido):* _____ / _____ / _____

INMATE'S BASIS FOR AN APPEAL *(Base del detenido para una apelacion):*

**ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?**
*¿ Apelación del detenido aceptada por el administrador o/su designado(a)?*   Yes *(Si)* ☐   No ☐

ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION *(Decision o recomendacion por parte del administrador o su designado(a)):*

ADMINISTRATOR / DESIGNEE *(Administrador o / su Designado(a)):* | SIGNATURE *(Firma del Administrador o / su Designado(a)):* | DATE *(Fecha):* _____ / _____

INMATE SIGNATURE *(Firma del Preso):* | DATE INMATE RECEIVED APPEAL RESPONSE: *(Fecha en que el Preso recibió respuesta a su apelacion):* _____ / _____ / _____

FCN-48 (Rev. 09/14)   WHITE COPY - PROGRAM SERVICES   YELLOW COPY - CRW / PLATOON COUNSELOR   PINK COPY - INMATE

**COOK COUNTY SHERIFF'S OFFICE**
*(Oficina del Alguacil del Condado de Cook)*

612626

☐ GRIEVANCE   ☐ NON-GRIEVANCE (REQUEST)

**INMATE GRIEVANCE RESPONSE / APPEAL FORM**
*(Petición de Queja del Preso / Respuesta / Forma de Apelación)*

| CONTROL # |
| --- |
| 2016 X 8336 |

| INMATE INFORMATION *(Información del Preso)* | | |
| --- | --- | --- |
| INMATE LAST NAME *(Apellido del Preso):* TURNAGE | INMATE FIRST NAME *(Primer Nombre):* DAMON | ID Number *(# de Identificación):* 20150929005 |

**GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE**
(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)

CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:
33C Security Procedure

IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE (if applicable):
N/A

CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE / REQUEST TO: (Example: Superintendent, Cermak Health services, Personnel):
DIV 10 Supt     DATE REFERRED: 9-30-16

RESPONSE BY PERSONNEL HANDLING REFERRAL:
UNABLE TO CONFIRM DETAINEES STATEMENT. ACCORDING TO SYSTEM DETAINEE HAS BOTTOM BUNK ORDER. DETAINEES ARE HOUSED ACCORDINGLY

| PERSONNEL RESPONDING TO GRIEVANCE (Print): L MCGEE | SIGNATURE: | DIV. / DEPT. 10 | DATE: 10/11/16 |
| --- | --- | --- | --- |

Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.

| SUPERINTENDENT / DIRECTOR / DESIGNEE (Print): L MCGEE | SIGNATURE: | DIV. / DEPT. 10 | DATE: 10/11/16 |
| --- | --- | --- | --- |

| ☑ GRIEVANCE SUBJECT CODE: 330 | INMATE SIGNATURE *(Firma del Preso):* X Damon Turnage | DATE RESPONSE WAS RECEIVED: *(Fecha en que la respuesta fue recibida):* X 10/13/16 |
| --- | --- | --- |
| ☐ NON-GRIEVANCE SUBJECT CODE: | | |

**INMATE'S REQUEST FOR AN APPEAL** *(Solicitud de Apelación del Preso)*

* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.

* Las apelaciones tendrán que ser sometidas dentro de los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: *(Fecha de la solicitud del la apelacion del detenido):* 10/13/16

INMATE'S BASIS FOR AN APPEAL: *(Base del detenido para una apelacion):*
That its up to the officers on duty to enforce the order and the officers in my case did not, Regardless of what the computer says. There is no record of an officer enforcing the order to my cellmate at the time of arrival. Unable to deny my statement also.

ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?
¿ Apelación del detenido aceptada por el administrador o/su designado(a)?     Yes (Si) ☑   No ☐

ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION (Decision o recomendacion por parte del administrador o / su designado(a)):
This is being forwarded back to Divisional Administration for further review and action on the "order", if necessary.

| ADMINISTRATOR / DESIGNEE *(Administrador o / su Designado(a)):* B. Rorico | SIGNATURE *(Firma del Administrador o / su Designado(a)):* | DATE *(Fecha):* 10/24/16 |
| --- | --- | --- |

INMATE SIGNATURE: *(Firma del Preso):* D Turnage w/ Part. 20-8167

Short Appendix 12

DATE INMATE RECEIVED APPEAL RESPONSE: *(Fecha en que el Preso recibió respuesta a su apelacion):* 10/25/16

FCN-48 (Rev. 09/14)     WHITE COPY - PROGRAM SERVICES     YELLOW COPY - CRW / PLATOON COUNSELOR     Turnage 000286 INMATE

☑

# CERTIFICATE OF SERVICE

**Certificate of Service When All Case Participants Are CM/ECF Participants**

I hereby certify that on ___February 26, 2021___, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/___Patrick W. Morrissey___

☐

# CERTIFICATE OF SERVICE

**Certificate of Service When Not All Case Participants Are CM/ECF Participants**

I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the following non-CM/ECF participants:

counsel / party:                                address:

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

_____          _____

s/_____